[Cite as *N.G. v. Pamboukis*, 2021-Ohio-3088.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

N. G.

    Appellee

v.

KOSTANTINOS PAMBOUKIS

    Appellant

C.A. No.    29589

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2019 09 2635

DECISION AND JOURNAL ENTRY

Dated: September 8, 2021

HENSAL, Judge.

{¶1}    Kostantinos Pamboukis appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted a civil protection order to N.G., who is the mother of his child, as well as the child. For the following reasons, this Court reverses with respect to the child.

I.

{¶2}    N.G. petitioned for a domestic violence civil protection order from Mr. Pamboukis on behalf of herself and their child. The trial court issued an ex parte order and scheduled a hearing on N.G.'s petition. Following the hearing, the court granted a protection order for both N.G. and the child, finding that Mr. Pamboukis had threatened to cause them physical harm. The court also found that N.G. and the child were in danger of domestic violence or had been victims of domestic violence. Mr. Pamboukis has

appealed, assigning three errors. Because he has argued all of his assignments of error together, this Court will address them together.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT ISSUED THE CIVIL PROTECTION ORDER PURSUANT TO OHIO REVISED CODE § 3113.31(A) BECAUSE THERE WAS NOT AN IMMEDIATE AND PRESENT DANGER OF DOMESTIC VIOLENCE TOWARDS THE MINOR CHILD, THUS THE COURT ABUSED ITS DISCRETION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AS TO THE SCOPE OF THE DOMESTIC VIOLENCE PROTECTION ORDER BY INCLUDING APPELLANT'S MINOR CHILD AS A PERSON PROTECTED BY THE ORDER BASED UPON HEARSAY TESTIMONY.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERR[ED] BY FAILING TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RESPONSE TO RESPONDENT[']S MOTION.

{¶3} Father does not contest the trial court's entry of a protection order for N.G. He argues that the order should not extend to their child, however, because there was no evidence that he caused or attempted to cause harm to the child. The decision whether to issue a protection order is within the discretion of the trial court. *Lundin v. Niepsuj*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, ¶ 19. "When the trial court exercises its discretion, however, it must find that the petitioner has shown by a preponderance of the evidence that the petitioner or petitioner's family or household members are the victim of, or in danger of, domestic violence." *Id*. "Consequently, as in other civil cases, we

review the evidence underlying protection orders to determine whether sufficient evidence was presented or whether the protection order is against the manifest weight of the evidence." *Id.*, quoting *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 4.

{¶4} Ohio Revised Code Section 3113.31(A)(1) defines domestic violence as the occurrence of one or more of the following acts against a household member: "[a]ttempting to cause or recklessly causing bodily injury;" "[p]lacing another person by the threat of force in fear of imminent serious physical harm * * * ;" "[c]ommitting any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;" [or] "[c]ommitting a sexually oriented offense." Mr. Pamboukis argues that he never physically harmed or threatened to harm the child, which was conceded by N.G. during her testimony.

{¶5} N.G. argues the child is entitled to protection under the "abused child" prong of the definition of domestic violence. R.C. 3113.31(A)(1)(a)(iii). Under Section 2151.031(B), an abused child "includes any child who * * * [i]s endangered as defined in section 2919.22 of the Revised Code * * *." A person endangers a child under Section 2919.22(A) by "creat[ing] a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." According to N.G., Mr. Pamboukis has created a substantial risk to the child by interrupting the child's nebulizer treatment for asthma. He has also failed to administer the child's daily asthma treatment and refused to receive the child's inhaler because it was brought to him by a step-grandfather instead of N.G. N.G. also argues that Mr. Pamboukis allowed the child to go swimming without

proper flotation devices, leading to an emergency room visit after the child had ill effects from chlorine exposure. She further argues that Mr. Pamboukis does not use an appropriate car seat for the child and has continued operating a motor vehicle even though his license is suspended. Mother further argues that the child is afraid of Mr. Pamboukis.

{¶6} At the hearing on N.G.'s petition, the trial court found that Mr. Pamboukis would not "intentionally harm the child. But he would be more neglectful in care for the child, thus putting that child in harm's way." It, therefore, reasoned that the child should be included in the protection order as a protected person. In its order, however, the court only found regarding the child that Mr. Pamboukis "has threatened to cause * * * [the] parties' child physical harm."

{¶7} The record does not contain any evidence sufficient to establish that Mr. Pamboukis placed the child "in fear of imminent serious physical harm" "by threat of force" under Section 3113.31(A)(1)(a)(ii). We note that N.G. testified that she does not think that Mr. Pamboukis has threatened the child or that Mr. Pamboukis has harmed the child physically. Although the trial court found at the hearing that Mr. Pamboukis may be neglectful of the child, it did not find that he had committed an act that would result in the child being an abused child under Section 3113.31(A)(1)(a)(iii). The trial court's decision was limited to finding that Mr. Pamboukis threatened to cause physical harm to the child under Section 3113.31(A)(1)(a)(ii). To the extent that the dissent believes the child qualified as an abused child under Section 3113.31(A)(1)(a)(iii), it is not the role of this Court to make such findings in the first instance. *Huntington Natl. Bank v.*

*Anderson*, 9th Dist. Lorain No. 17CA011223, 2018-Ohio-3936, ¶ 32. Father's first and second assignments of error are sustained.

{¶8} Regarding Mr. Pamboukis's third assignment of error, our review of the trial court's docket reveals that he did not file a motion for findings of fact in the trial court on October 28, 2019, as he has asserted. He did file a motion for findings of fact with this Court on November 13, 2019, but there is no indication that he filed a similar motion in the trial court on that or any other day. Consequently, this Court concludes that the trial court did not fail to issue findings of fact and conclusions of law under Civil Rule 52. Father's third assignment of error is overruled.

## III.

{¶9} Father's first and second assignments of error are sustained. His third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
<u>CONCURS.</u>

CARR, P. J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

{¶10} I respectfully dissent from the majority's judgment to the extent it sustained Mr. Pamboukis' first and second assignments of error.

{¶11} While I agree that the trial court found that "Respondent has threatened to cause Petitioner and parties' child physical harm[,]" that was not the only finding it made. The trial court further found "that the Petitioner or Petitioner's family or household members are in danger of or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by Respondent[.]"

{¶12} As noted by the majority, domestic violence includes, "[c]omitting any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code[.]" R.C. 3113.31(A)(1)(iii). An abused child under R.C. 2151.031 includes a child who is endangered as the term is used in R.C. 2919.22. R.C.

2151.031(B). A person endangers a child by "creat[ing] a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2919.22(A).

{¶13} The evidence in the record demonstrates that Mr. Pamboukis created a substantial risk to the health and safety of the child by violating his duties of care and protection. *See id.* At the hearing, the trial court found that Mr. Pamboukis would not "intentionally harm the child. But he would be more neglectful in care for the child, thus putting that child in harm's way." While I agree that the evidence did not specifically demonstrate that the child was threatened, such a finding is harmless because the trial court went on to find by the preponderance of the evidence that "Petitioner or Petitioner's family or household members are in danger of or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by Respondent[.]" This finding, when coupled with the trial court's finding of Mr. Pamboukis endangering the child through neglect was sufficient.

{¶14} The evidence demonstrated that the child suffers from asthma and yet Mr. Pamboukis has discontinued the child's nebulizer treatment because Mr. Pamboukis did not want to wait for the treatment to be completed. Mr. Pamboukis has also refused to accept the child's inhaler because it was not brought to him by N.G. In addition, Mr. Pamboukis refuses to use an appropriate car safety seat for the child and chooses to drive with a suspended license. Thus, considering the totality of these circumstances, I can only conclude that the trial court did not abuse its discretion in including the child in the protection order. Accordingly, I would overrule Mr. Pamboukis' first and second assignments of error.

APPEARANCES:

PAUL M. KELLEY, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.